UNITED STATES of America,
Appellee,

v.

Otto D. WOODS, Appellant.

No. 75–1128.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1975.

Decided July 9, 1975.

Bernhardt W. Klippel, III, Clayton, Mo., for appellant.

Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, WEB-STER, Circuit Judge, and DEVITT, Chief District Judge.*

DEVITT, Chief District Judge.

Convicted of six counts of violating 42 U.S.C. § 2703(a), making it a crime to fraudulently misapply funds issued under the Economic Opportunity Program, 42 U.S.C. § 2706 et seq., and of one count of conspiracy, defendant appeals from the judgment of conviction and two year general sentence imposed. We affirm.

Defendant claims error in the court's denial of his motion for a mistrial because of a one and one-half hour trial time interval between direct and cross-examination of a government witness and the admission into evidence of certain Texaco gasoline purchase invoices and Automobile License Bureau records.

* The Honorable Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

*Denial of Mistrial.*

■ When trial recessed the afternoon of January 14, 1975, government witness Daniel Williams had completed his direct examination and was instructed to return at 10:00 the following morning. For some reason, not reflected in the record, Williams did not reappear the next day at 10:00 when trial was to resume. The trial judge explained the situation to the jury, said he was arranging to have Williams there for cross-examination, and announced the government was going ahead in the meantime with other witnesses. Five other government witnesses then testified. One and a half hours later, Williams reappeared and was cross-examined by defendant.

Defendant argues that he was prejudiced by this separation of direct and cross-examination and the trial court erred in denying his motion for mistrial. We disagree. While it would have been preferable for cross-examination to follow direct examination without the intervening testimony of other witnesses, there is no showing that the order followed was prejudicial to defendant—indeed it may have been to his advantage. Williams' testimony was damaging to defendant but he was vigorously cross-examined at considerable length by defendant's counsel. There is no showing in the record, and no reasonable basis for concluding, that Williams' testimony would have been less damaging or cross-examination more effective if the intervening witnesses had not been permitted to testify.

The trial judge was faced with a practical decision to make when Williams did not promptly reappear at 10:00 A.M. as directed. He could go ahead with other witnesses pending the arrival of Williams or he could recess trial and have the jury and court personnel sit and wait to see if Williams could be found. In this situation we think he made a permissible decision to go ahead with other witnesses and in doing so he did not abuse his discretion.

*Admission of Exhibits.*

■ Raymond Tuma, Credit Card Investigator for Texaco, Inc., testified as to certain Texaco gasoline invoices allegedly signed by defendant using a false name which reflected gasoline deliveries to a car purportedly registered to defendant. Defendant claims these invoices, marked Government's Ex. 27, were improperly received in evidence over his objection.

These records were properly received under the Federal Business Records Act, 28 U.S.C. § 1732(a), as records made in the regular course of business when it was the policy of Texaco to make such records, and as an exception to the Hearsay Rule under the proposed Federal Rules of Evidence, 803(6). Mr. Tuma was a "qualified witness" under the Rule and there were no circumstances to indicate a lack of trustworthiness in his testimony.

■ Defendant also claims error in the admission into evidence, over objection, of records of the Drivers License Bureau, marked Government's Ex. 26, as not relevant because the records showed the license issued to Otto *Davis* Woods, rather than to Otto *David* Woods, the named defendant.

The records were admissible under the Federal Business Records Act, 28 U.S.C. § 1732(a), and were relevant because the government's evidence tended to show that Otto *Davis* Woods and Otto *David* Woods were the same person and it was proper for the jury to consider the records in making that determination.

Judgment affirmed.